IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY MOSBY, | No. C 09-1667 MMC |
| Petitioner, | **ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JAMES A. YATES, Warden of Pleasant Valley State Prison, | |
| Respondent. | |

Before the Court is petitioner Cory Mosby's petition for a writ of habeas corpus, filed April 15, 2009, pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

The following facts are taken from the petition, and are assumed true for purposes of the instant order.

Petitioner, a California prisoner currently incarcerated at the Pleasant Valley State Prison, was convicted of carjacking, kidnapping, assault, and robbery, with enhancements for the use of a firearm and an assault weapon. (See Pet. at 2-3.) On January 20, 2006, petitioner was sentenced to a prison term of 26 years, and, on March 3, 2006, petitioner was resentenced to a term of 31 years and four months.[1] (See id. at 3.) Petitioner

---

[1] On January 26, 2006, the trial court recalled its initial sentence "on the ground that it had failed to impose sentence on all counts." (See Pet. at 3.)

1  appealed to the California Court of Appeal; on April 13, 2006, the Court of Appeal affirmed
2  the judgment against him.  (See id. at 5.)  Thereafter, petitioner sought review in the
3  California Supreme Court; on January 16, 2008, the Supreme Court denied review.  (See
4  id.)

**DISCUSSION**

**A.    Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  See 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false."  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B.    Petitioner's Claims**

In his petition, petitioner makes the following claims:  (1) petitioner "was denied his federal due process right by the admission of evidence of pretrial identifications . . . that were the product of procedures that [were] impermissibly suggestive" (see Pet. at 11); (2) petitioner "was denied his right of confrontation under the Sixth Amendment and his right to present a defense as guaranteed by the due process, confrontation and compulsory process clauses [of the] Sixth and Fourteenth Amendment[s] by the exclusion of evidence of bias against him on the part of the Redwood City police department" (see id. at 14); and (3) petitioner "was denied his rights under the due process clause of the [F]ourteenth [A]mendment and the [c]ompulsory [p]rocess and [c]onfrontation clauses of the Sixth Amendment . . . by the court's rulings on [petitioner's] interrogation by police in which the court admitted [petitioner's] statements offering to assist police in other prosecutions but

1 limited statements by police threatening [petitioner] with life imprisonment" (see id. at 16).

2     The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to file either a motion to dismiss, if such a motion is warranted, or, alternatively, an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, as well as a supporting memorandum of points and authorities.

## CONCLUSION

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Petition, and the Memorandum of Points and Authorities upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 30 days of the date of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondent files an answer, petitioner may, within 30 days thereafter, file a traverse.

**IT IS SO ORDERED.**

Dated: May 14, 2009

                                              MAXINE M. CHESNEY
                                              United States District Judge